# United States District Court, Northern District of Illinois

| | | | |
|---|---|---|---|
| **Name of Assigned Judge or Magistrate Judge** | John W. Darrah | **Sitting Judge if Other than Assigned Judge** | |
| **CASE NUMBER** | 03 C 3506 | **DATE** | 11/25/2003 |
| **CASE TITLE** | Direct TV Inc vs. Davlantis | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum opinion and order, Fruin's motion to sever is granted. Direct TV's claims against Fruin are dismissed, without prejudice with leave to re-file. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | date docketed | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MF | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

NOV 26 2003

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DIRECTV, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 03 C 3506 |
| | ) | |
| STEVE DAVLANTIS, GUY DEGIDIO, | ) | Judge John W. Darrah |
| DOUGLAS DERNULC, FRANK DESIMONE, | ) | |
| KENNETH S. EBENSTEIN, | ) | |
| BYRON ESPINOSA, | ) | |
| DAVID FLAISCHAKER, DANIEL FOXMAN, | ) | |
| and JAMES E. FRUIN, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
NOV 2 6 2003

## MEMORANDUM OPINION AND ORDER

The Plaintiff, DirecTV, Inc. ("DirecTV"), filed suit against nine Defendants, including

James E. Fruin ("Fruin"). DirecTV alleges that: each Defendant illegally pirated DirecTV's

satellite signals in violation of the Cable Communication Policy Act, 47 U.S.C. § 605(e)(3)(c)

and 47 U.S.C. § 605(e)(4); each Defendant violated the Electronic Communications Piracy Act,

18 U.S.C. §§ 2511-2512; and each defendant committed conversion under Illinois law.

Presently before the Court is Fruin's Motion to Sever and Dismiss his case from the

remainder of the action pursuant to Federal Rules of Civil Procedure 20(b) and 42(b) and Local

Rule 40.4. For the foregoing reasons, Fruin's Motion to Dismiss his case from the remainder of

the action is granted.

## BACKGROUND

According to DirecTV, each Defendant purchased devices, to illegally pirate satellite signals, from Fulfillment Plus, a California-based distribution center. After DirecTV obtained a civil writ of seizure, it seized Fulfillment Plus's business records and discovered Fulfillment Plus had filled orders for numerous distributors of illegal satellite signal theft devices. All nine defendants in this action purchased their illegal pirating devices between March and April of 2001. DirecTV also alleges that some of the Defendants may have been engaged in an enterprise to resell the pirated devices.

## ANALYSIS

Fruin offers three theories for why his action should be severed. First, Fruin claims that Federal Rules of Civil Procedure 42(b) supports his assertion that his case should be severed from the other defendants' cases. However, Rule 42(b) deals with a court's ability to order separate trials and bifurcate different issues at trial. *See, e.g., DeWitt, Porter, Huggett, Schumacher & Morgan, S.C. v. Kovalic*, 991 F.2d 1243, 1245 (7th Cir. 1993). DirecTV objected to the use of Rule 42(b) to sever Fruin's claim in its response, and Fruin did not assert this basis in his reply.

Next, Fruin claims that his case should be severed from the other defendants' cases, pursuant to Local Rule 40.4. However, Local Rule 40.4 is used to consolidate closely related cases and not for severing one defendant's action. *See generally Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No 02 C 5893, 2003 U.S. Dist. LEXIS 7466, at *3 (N.D. Ill. May 5, 2003). DirecTV objected to the use of Local Rule 40.4 to sever Fruin's claim in its response, and Fruin did not challenge this position in his reply.

2

Finally, Fruin claims that Federal Rules of Civil Procedure 20(a) requires that his case should be severed from the other defendants. Under Rule 20(a), joinder of defendants in one action is permitted if: (1) the plaintiff asserts "any right to relief jointly, severally, or in the alternative arising out of the same transaction or occurrence;" and (2) "if any question of law or fact common to all these [defendants] will arise in the action." Misjoinder occurs when a plaintiff fails to satisfy either requirement. *See, e.g.*, *Bailey v. N. Trust. Co.*, 196 F.R.D. 513, 515-16 (N.D. Ill. 2000). "The district court has wide discretion when deciding whether joinder of parties is proper." *Ernst v. Anderson*, 2003 U.S. Dist LEXIS 1040, at * 11 (N.D. Ill. Jan. 23, 2003) (Darrah, J.); *accord Rice v. Sunrise Express*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Simply alleging a similar statutory violation is not enough to satisfy the "same transaction or occurrence requirement." *See Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998). There, the plaintiffs claimed that the defendants infringed the same patent. However, because both defendants were "separate companies that independently design, manufacture, and sell different products in competition with each other," the court concluded that the common transaction requirement was not met and that the claims should be severed. *See also Saval v. BL, Ltd.*, 710 F.2d 1027, 1031-32 (4th Cir. 1983) (determining that breach of warranty suit brought by multiple plaintiffs alleging similar defects with their automobiles failed to meet the same transaction requirement because the cars were purchased at different times and had different service histories).

In *DirecTV, Inc. v. Smith*, No. 03 C 3540, minute order (N.D. Ill. Sept. 18, 2003), under similar facts, the court found that DirecTV failed to meet the "same transaction or occurrence" requirement by alleging that the defendants' pirating equipment was shipped from the same

facility. There, DirecTV failed to show any relationship between the defendants, nor did DirecTV indicate how receiving the equipment from the same shipper "is relevant to the defendants' alleged misappropriation of [DirecTV's] satellite signals." The court dismissed all but the named defendant because the actions were misjoined.

Here, DirecTV alleges that each defendant received his own illegal pirating device from a similar shipper, Fulfillment Plus, within the same two-month period. DirecTV further alleges that some of the Defendants may have been engaged in an enterprise to resell the pirated devices. DirecTV also alleges that each Defendant committed a similar statutory violation.

However, DirecTV fails to show how Fruin's acts occurred during the same transaction or series of transactions as the other Defendants' acts. Specifically, DirecTV cannot show how receiving the equipment from the same shipper is relevant to Fruin's, and the other defendants', misappropriation of DirecTV's satellite signals. Moreover, DirecTV fails to allege, in its complaint or in its response to Fruin's Motion to Sever, that Fruin was engaged in an enterprise with any other defendant to resell the illegal devices. DirecTV did not allege that Fruin and the other Defendants acted together in any way to purchase the pirating devices from Fulfillment Plus or that these purchases were related in a series of transactions.

DirecTV contends that it will present similar evidence against each defendant, including similar testimony about the purchasing and operation of the pirating devices for all of the Defendants. However, this only supports the presence of a common question of law or fact. Therefore, DirecTV failed to meet the joinder requirement of Rule 20(a) and misjoined Fruin with the remaining Defendants.

4

Finally, DirecTV argues that a possible statute of limitations problem may ensue if Fruin is dismissed from this matter without prejudice. According to DirecTV, the suit was filed in advance of a potential statute of limitations issue, based upon the May 25, 2001 raid upon Fulfillment Plus. However, DirecTV, in a footnote, argues that the statute of limitations may have started to run after the date of the raid, after it reviewed the "overwhelming amount" of material seized from the raid. DirecTV has not stated when it knew, or had reason to know, of any injury allegedly caused by Fruin. Accordingly, the issue of any possible statute of limitations problems is not before the Court and, if asserted, would require a determination of when DirecTV discovered its injury for purposes of application of the limitations period. Pursuant to Rule 21, dismissal of Fruin is just.

## CONCLUSION

For the foregoing reasons, Fruin's Motion to Sever is granted. DirecTV's claims against Fruin are dismissed, without prejudice to refile.

Dated: *11 - 25-03*

JOHN W. DARRAH
United States District Judge